BATES, APPELLEE, *v.* BOUTELLE, APPELLANT.

(No. 944—Decided June 9, 1939.)

*Messrs. VanTilburg & Murphy,* for appellee.
*Mr. John H. White,* for appellant.

PHILLIPS, J.   Thomas Bates sued Roger Boutelle in the Municipal Court of Steubenville and on November 28, 1937, recovered a judgment against him for $30. Boutelle appealed to the Court of Common Pleas of Jefferson county on questions of law and fact.   Bates filed a motion to dismiss the appeal on the ground and for the reason that the court did not have jurisdiction to hear that appeal.   The court sustained the motion, dismissed the appeal as filed, but retained it as an appeal on questions of law and allowed Boutelle thirty days to file a bill of exceptions.   Boutelle failed to file the bill of exceptions within leave and on expiration thereof the court dismissed his appeal on questions of law.   Boutelle then appealed to this court on questions of law and claimed that the Common Pleas Court erred when it refused to hear the appeal on questions of law and fact, and dismissed his appeal.

Presented for consideration and determination is the question of the appealability of a case from the Municipal Court of Steubenville to the Common Pleas Court of Jefferson county.

Provision is made by the Constitution for appeals upon facts to the Court of Appeals. In appeals to the Common Pleas Courts, provision is made by various statutes. There is no inherent right of appeal on questions of law and fact to the Common Pleas Court; that right must be conferred by statute. It follows, then, in the absence of a statutory provision in the Municipal Court Act of Steubenville (Section 1579-1082 *et seq.*, General Code), conferring the right of appeal from that court to the Court of Common Pleas of Jefferson county, on questions of law and fact, that Boutelle had no right to such an appeal thereto unless there was some other statutory provision made for such an appeal.

For an answer to our question we must first look to the Municipal Court Act of Steubenville, which provides as follows:

"Proceedings in error may be taken to the Common Pleas Court of Jefferson county from a final judgment or order of the Municipal Court in the same manner and under the same conditions as provided by law for proceedings in error from justices of the peace to the Common Pleas Court." Section 1579-1106, General Code.

It is apparent that the Steubenville Muncipal Court Act made express provision for an appeal to the Court of Common Pleas of Jefferson county on questions of law, and no express provision for an appeal on questions of law and fact. It is equally apparent, however, that there is no express prohibition against an appeal on questions of law and fact.

Presented next for consideration and determination is the question of justification in law for the right of

appeal on questions of law and fact, as contended for by Boutelle.

We believe that Sections 11215, 12223-3 and 12223-22, General Code, determine this question. Section 11215, General Code, provides:

"The Court of Common Pleas shall have * * * appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases, subject to the regulations provided by law."

This section of the Code existed prior to the adoption of the new Appellate Procedure Act, and the words "appellate jurisdiction," as used therein, can be held to mean only such reviewing jurisdiction as was formerly provided.

This presents for determination the question of the inferiority of the Municipal Court of Steubenville to that of the Common Pleas Court of Jefferson county. By virtue of Section 1579-1106, General Code, judgments of the Municipal Court of Steubenville could be appealed on error to the Court of Common Pleas of Jefferson county. It must be conceded, then, that the Municipal Court is inferior to the Common Pleas Court of Jefferson county. It is clear that the Legislature intended thereby that the Municipal Court was a court inferior to the Common Pleas Court. The citation of other instances of its inferiority would be merely cumulative and unnecessary.

However, under Section 11215, General Code, the appellate jurisdiction of the Court of Common Pleas is "subject to the regulations provided by law."

Provision for such regulations is made in the new Appellate Procedure Act, Section 12223-3, General Code:

"Every final order, judgment or decree of a court * * * may be reviewed as hereinafter provided, unless otherwise provided by law * * *."

There are no methods or means of exercising the

appellate jurisdiction of the Court of Common Pleas other than those which are contained in the new Appellate Procedure Act.

Furthermore, Section 12223-22, General Code, expressly provides:

"Appeals on questions of law and fact may be taken: (1) From any court, tribunal, commission, or officer to any court of record as may be provided by law."

As hereinbefore suggested, Section 11215, General Code, makes express provision for such an appeal. There can be no doubt but that Boutelle had a right to appeal to the Court of Common Pleas of Jefferson county on questions of law and fact from the judgment rendered against him in the Municipal Court.

It is clear to us that the Legislature intended to grant to litigants in the Municipal Court of Steubenville the same rights of appeal to the Common Pleas Court of Jefferson county as afforded to other residents of the county from courts of the justice of the peace. If this were not true, citizens of Steubenville would not have equal protection or rights under the Steubenville Municipal Court Act that other residents of the county have under the justice of the peace act, which might lead to the deduction that the Municipal Court Act of Steubenville was unconstitutional.

From what we have said, it is apparent that we have concluded that Boutelle was entitled to an appeal from the Municipal Court of Steubenville to the Court of Common Pleas of Jefferson county, and that the finding and judgment of the lower court should be and is hereby reversed and the cause remanded with instructions to hear the appeal as one on questions of law and fact.

*Judgment reversed and cause remanded.*

NICHOLS, P. J., concurs.
CARTER, J., concurs in judgment.